**DOCKETED**
OCT 1 4 2004

FILED-ED4
2004 OCT 14 AM 10:30
U.S. DISTRICT CLERK DISTRICT COURT

Attorney No. 00414
ARDC Number: 2882663

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

RICHARD MELAND,
    Plaintiff,

-vs-

LEO PFEST, JR., RUSSELL A. EGAN,
ISRAEL DESIERTO, RICHARD A. DEVINE,
State's Attorney of Cook County, and
the CITY OF CHICAGO, a municipal
corporation,
    Defendants.

JUDGE LEINENWEBER
No. **04C 6622**

MAGISTRATE JUDGE LEVIN

**COMPLAINT**
UNDER THE CIVIL RIGHTS ACT, TITLE 42, SECTION 1983 U.S. CODE

Now comes the plaintiff, RICHARD MELAND, by JAMES VALENTINO, JR., his attorney, and complains of defendants, LEO PFEST, JR. and RUSSELL EGAN, individually and in their capacities as a police officers of the defendant, CITY OF CHICAGO, a municipal corporation, of Assistant State's Attorney ISRAEL DESIERTO, and of RICHARD A. DEVINE, State's Attorney of Cook County, Illinois, stating as follows:

**JURISDICTION**

Jurisdiction is granted to this Court under 28 U.S.C. Secs. 1331 and 1343(a)

**VENUE**

Venue is proper in this Court because all incidents alleged in this Complaint took place in Cook County, Illinois, within this district.

1

1-1

## STATEMENT OF FACTS

1. The plaintiff is an honest and respected citizen of the United States and State of Illinois, and is entitled to all the protection of the law in relation thereto.

2. The plaintiff is 70 years of age, is and has been a resident of Chicago, Cook County, Illinois in excess of 50 years, retired from being employed by the University of Chicago for 43 years, and was the holder of a Firearm Owner's Identification Card issued to him by the Illinois State Police, which was currently valid at the time of his arrest. All of his firearms were registered with the City of Chicago and registration slips accompanied each firearm. Plaintiff has continuously registered his firearm collection since firearm registrations were implemented in the City of Chicago.

3. That on or about October 23, 2003, while returning to Chicago and transporting his firearms back from his summer home in Michigan, plaintiff was stopped by officers LEO PFEST, JR. and RUSSELL EGAN, of the City of Chicago for not wearing his seat belt, his person searched and secured by handcuffs and he was placed in the rear of the police officer's vehicle. Then his automobile was searched and personal property, consisting mostly of his firearms, City firearm registrations, and ammunition, was seized by officers PFEST and EGAN of said City. Plaintiff was then transported to the Cook County Jail and placed in prison uniform.

4. The search of plaintiff's vehicle was without warrant, and without probable cause; that the plaintiff was not present at the vehicle at the time of the search and seizure, and the officer had no reason to believe that plaintiff was engaged in the commission of a crime; and no representations were made that a crime had been committed or that plaintiff was about to escape.

5. Defendants PFEST and EGAN claimed that plaintiff was a convicted felon, even after plaintiff advised said officers that he received a Pardon

2

(executive clemency) from the governor and that a copy of said Pardon was in the rear seat of his vehicle and that he possessed a valid Firearm Owners Identification Card issued by the Illinois State Police. Nevertheless, said defendants continued with the arrest and later advised the Assistant State's Attorney and the Court that plaintiff was a danger to society resulting in an abnormally high bond being set at $100,000.

6. While the plaintiff was in custody, officers of said City proceeded to search the plaintiff's residence (apartment), seizing firearms with other items of personal property belonging to plaintiff.

7. No probable cause existed for the searches of the aforesaid residence or seizure of property of the plaintiff herein. That said search was without warrant, and the plaintiff was not present at the time of the search and seizure.

8. Said property cannot be considered contraband nor weapons used in the commission of violent crimes. All firearms were registered with the City of Chicago, and the registration certificates accompanied the firearms. The firearms being transported were all unloaded and in cases in accordance with 720 ILCS 5/24-1(a)(4)(iii). Those firearms were also enclosed in the locked trunk of the plaintiff's vehicle, a 1996 Chevrolet Caprice 4-door sedan, making them not immediately accessible within the meaning of 720 ILCS 5/24-1(a)(4)(ii) and in compliance with federal laws and regulations regarding interstate transportation of firearms.

9. As a result of said defendants' behavior, plaintiff was forced to spend seven days in the county jail where he was further harassed, intimidated, and was not allowed to contact his attorney. His vehicle was impounded, costing him $900.00 to liberate his vehicle; he was forced to pay unreasonable bonding fees to be released from jail; and many items of personal property which were in the vehicle and his home were taken from him, some of which are still not inventoried or returned to plaintiff. In addition he was forced to pay for services of his attorney and plaintiff suf-

3

fered great mental distress, humiliation, as well as injuries to his good name and reputation in the community.

10. On January 6, 2004, the Circuit Court of Cook County ordered all charges to be dismissed and ordered all property seized from plaintiff to be returned. The property seized by police was lawfully owned, firearms and ammunition were lawfully registered, and lawfully transported by the plaintiff. However, some property still has not been returned to plaintiff. Furthermore, the false felony charges instituted by said defendants caused the Illinois State Police to revoke plaintiff's Firearm Owner's Identification Card, causing him more attorney fees to gain reinstatement through an appeal process. The temporary loss of his Firearm Owner's Identification Card caused the City of Chicago to revoke his firearm registrations, causing plaintiff to suffer even more attorney fees and lost time to gain reinstatement of his firearm registrations through another appeal process. Fearing further reprisals, plaintiff now must pay for expensive storage of his property. All this resulted from defendants' conduct herein.

11. As a result of the above, plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I of the Constitution of the State of Illinois and 725 ILCS 5/108-1 *et seq.* were violated.

### COUNT I
### DEFENDANTS LEO PFEST, JR. and RUSSELL EGAN

1-11. Plaintiff realleges the aforesaid paragraphs 1-10 as paragraphs 1-10 of Count I.

12. At all times mentioned herein, defendants LEO PFEST, JR. and RUSSELL EGAN were acting in their official capacities as police officers for the City of Chicago.

13. The actions of Officers PFEST and EGAN were made under color of

4

law, statutes of the State of Illinois, and regulations of the City of Chicago, wherein they intentionally and maliciously deprived the plaintiff of rights secured by the constitutions and statutes of the United States and State of Illinois.

14. Said defendants' conduct makes them liable to plaintiff under Title 42 U.S.C. Sec. 1983, as well as under Illinois common law governing false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, harassment, and defamation in the public eye.

WHEREFORE, plaintiff prays for judgment for damages, actual and punitive, against said LEO PFEST, JR. and RUSSELL EGAN, both individually and in their capacities as police officers of the City of Chicago in an amount exceeding $2,000,000.00 and for such amount for the use of his attorney as this Court determines to be reasonable and just.

## COUNT II
## CITY OF CHICAGO

1-14. Plaintiff realleges the aforesaid paragraphs 1-13 as paragraphs 1-13 of Count II.

15. This is not the first occasion whereupon officers of said City seized firearms of plaintiff, where plaintiff was incarcerated and ordered to undergo evaluations, and his property subsequently returned by the Court. Such repetitive procedures, with the resulting expenses and inconveniences to plaintiff, amount to unconscionable travesties of his rights and sheer harassment to this plaintiff. Enough is enough!

16. The City of Chicago, a municipal corporation, employed and had control over defendants LEO PFEST, JR., RUSSELL EGAN, and other police officers of said City. The City, in conspiracy with the Cook County State's Attorney, had formed units or squads designed to investigate persons who owned firearms in said City and seize firearms whenever possible, knowing

well in advance that citizens would have their rights violated. Officers PFEST and EGAN were working in one of such units when the illegal arrest of the plaintiff was made.

17. Said actions of officers PFEST and EGAN in depriving plaintiff of his constitutional and statutory rights were in accordance with the official policies and procedures of the City of Chicago. City officials, including its mayor, have publicly stated on many occasions that the City's desire is to eliminate all privately owned firearms and police officers are rewarded or given "points" towards promotions for firearms seized, regardless of subsequent court action. By setting forth such policies, the City of Chicago must bear responsibility and consequential liability for the actions of Officers PFEST and EGAN.

WHEREFORE, plaintiff prays for judgment against the City of Chicago, jointly and severally, for damages, actual and punitive, in an amount exceeding $2,000,000.00 and for such amount for the use of his attorney as this Court determines to be reasonable and just.

### COUNT III

### LEO PFEST, JR., RUSSELL A. EGAN, ISRAEL DESIERTO - CONSPIRACY

1-17. Plaintiff realleges the aforesaid paragraphs 1-16 as paragraphs 1-16 of Count III.

18. Defendant, ISRAEL DESIERTO, at all times mentioned herein was an Assistant State's Attorney, working at Branch 44, 3150 W. Flournoy, in the City of Chicago.

19. Said defendant conspired with the aforesaid officers/defendants to violate plaintiff's civil rights in violation of 41 U.S.C. Section 1983.

20. Said defendant, in furtherance of the conspiracy, performed the fol-

lowing acts:

    a. Advised the Court that plaintiff was a dangerous individual to obtain an unreasonably high bond.

    b. After being advised of the governor's pardon and issuance of a valid Firearm Owner's Identification Card, he opposed reduction of the bond in Court.

    c. With knowledge that plaintiff was legally entitled to possess firearms, he then lied to the Forensic Clinical Services division of the Court, advising them that plaintiff had been charged with "Unlawful Possession of Armoured Piercing Bullets". Plaintiff was not so charged, nor possessed any such "bullets".

    d. He continued to prosecute plaintiff for months after receiving information that plaintiff committed no crime.

    e. After dismissing all charges against plaintiff, he continued to oppose the return of plaintiff's property in Court.

21. All three of the aforesaid defendants, individually and in conspiracy, by their actions as set forth above, and their misrepresentations concerning all matters relating to plaintiff's arrest and trial, misled the Circuit Court of Cook County and the general public as to the soundness and basis of their case against plaintiff.

WHEREFORE, plaintiff demands judgment against the aforesaid LEO PFEST, JR., RUSSELL A. EGAN, and ISRAEL DESIERTO, jointly and individually for damages, compensatory and punitive, in an amount in excess of $2,000,000 and for attorney fees in such amount as this Court deem reasonable and proper, in accordance with 42 U.S.C. Sec. 1988, and for such further relief as this Court deem reasonable and proper.

### COUNT IV

#### RICHARD A. DEVINE, State's Attorney

1-21. Plaintiff realleges the aforesaid paragraphs 1-16 as paragraphs 1-16 of Count III.

22. Defendant RICHARD A. DEVINE, as State's Attorney of Cook County, Illinois, long before plaintiff's arrest, had initiated, promulgated and established policies for Assistant State's Attorneys that are complimentary to those of the City of Chicago regarding firearms. Assistant State's Attorneys are instructed to oppose the return of privately owned firearms in all cases, even when the courts find no criminal activity. Said defendant has also publicly opposed the private ownership of firearms for a long period of time prior to plaintiff's arrest.

23. Said defendant, as State's Attorney of Cook County, Illinois, conspired with officials of the City of Chicago to form units or squads designed to investigate persons who owned firearms in said City and seize firearms whenever possible, knowing well in advance that citizens would have their rights violated.

24. Said actions of various Assistant State's Attorneys in depriving plaintiff of his constitutional and statutory rights were in accordance with said official policies and procedures of defendant RICHARD A DEVINE. By setting forth such policies and procedures, RICHARD A. DEVINE must bear responsibility and consequential liability for the actions of his assistants in demanding unreasonable bonds, harnessing plaintiff with psychological examinations and opposing and hindering the return of plaintiff's property.

WHEREFORE, plaintiff prays for judgment against RICHARD A. DEVINE, for damages, actual and punitive, in an amount exceeding $2,000,000.00 and for such amount for the use of his attorney as this Court determines to be reasonable and just.

Respectfully Submitted:

*[signature: James Valentino Jr.]*
Attorney for Plaintiff

## C E R T I F I C A T I O N

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

Date: _OCTOBER 14_, 2004.

*[signature: Richard D. Meland]*
Richard Meland

NOTE: The above certification allows the document to be used in the same manner and effect as if subscribed and sworn to under oath.

JAMES VALENTINO, JR.
Attorney No. 00414
ARDC Number: 2882663
Attorney for Plaintiff
N8228 Carnot Drive
Algoma, WI  54201-9594
Phone: (920) 487-2072

**JS 44** (Rev. 3/99)            CIVIL COVER SHEET          **DOCKETED**   OCT 14 2004

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
RICHARD A. MELAND

**DEFENDANTS**
LEO PFEST, JR., RUSSELL A. EGAN, ISRAEL DESIERTO, RICHARD A. DEVINE, and City of Chicago

**(b)** County of Residence of First Listed Plaintiff: COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: COOK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name), Address, and Telephone Number:
Mr. James Valentino
8228 Carnot Dr.
Algoma, WI 54201
Phone: (920) 487-2072

Attorneys (If Known)

JUDGE LEINENWEBER
**04C 6622**
MAGISTRATE JUDGE LEVIN

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Inj. / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
TITLE 42, Sec. 1983, U.S. Code

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ over 2,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII.** This case ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case _____, previously dismissed by Judge _____

DATE: 10/14/2004
SIGNATURE OF ATTORNEY OF RECORD: James Valentino Jr.

FILED OCT 14 AM 10:30 CLERK U.S. DISTRICT COURT

1-2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**
**OCT 1 4 2004**

In the Matter of

RICHARD MELAND
v.
LEO FEST, JR, et al

JUDGE LEINENWEBER

Case Number **04C 6622**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

RICHARD MELAND

**MAGISTRATE JUDGE LEVIN**

| (A) | (B) |
|---|---|
| SIGNATURE: *James Valentino Jr.* | SIGNATURE: |
| NAME: | NAME: |
| FIRM: Mr. James Valentino | FIRM: |
| STREET ADDR: 8228 Carnot Dr. | STREET ADDRESS: |
| CITY/STATE/ZIP: Algoma, WI 54201 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 920-487-2072 | FAX NUMBER: CALL FIRST | TELEPHONE NUMBER: | FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | FAX NUMBER: | TELEPHONE NUMBER: | FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

FILED-ED4 2004 OCT 14 AM 10:34 CLERK U.S. DISTRICT COURT

1-3